UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

TEREZIE HARAZIN-LIVINGOOD,

    Plaintiff,

v.

HOOTERS OF AMERICA LLC and
DW RESTAURANT HOLDER LLC,

    Defendants.

---

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 West Main Street
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

---

# COMPLAINT

Plaintiff Terezie Harazin-Livingood alleges the following for her complaint against Defendants Hooters of America LLC and DW Restaurant Holder LLC.

## NATURE OF THE CASE

1. This is an employment case about retaliation.

2. Plaintiff Terezie Harazin-Livingood worked for Defendants at one of its Hooters restaurants where one of her coworkers, a dishwasher, sexually harassed her by repeatedly grabbing her butt and making sexualized comments to her.

3. Harazin-Livingood complained to Defendants and they responded by involuntarily transferring Harazin-Livingood (and not the harasser) to work at another Hooter's restaurant.

4. Defendants then terminated Harazin-Livingood's employment for reasons they

- 2 -

knew were false and which were an obvious pretext meant to cover up the retaliatory reason for her firing.

5. Defendants' conduct violates the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964 and Michigan's Elliott-Larsen Civil Rights Act. Harazin-Livingood suffered damages as a result of Defendants' retaliatory conduct that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff Terezie Harazin-Livingood is an individual person who resides in Berrien County, Michigan.

7. Defendant Hooters of America is a limited liability company organized under the laws of the State of Georgia. Defendant Hooters of America markets, controls, and operates Hooters restaurants throughout Michigan.

8. Defendant DW Restaurant Holder is a limited liability company organized under the laws of the State of Delaware. Defendant DW Restaurant Holder markets, controls, and operates Hooters restaurants as a corporate affiliate or subsidiary of Defendant Hooters.

9. The Court has personal jurisdiction over Defendants under Michigan Compiled Laws Sections 600.711 and 600.715. FED. R. CIV. P. 4(k)(1)(A).

10. Defendants pay compensation to employees that live and work in Michigan and within this judicial district, including Harazin-Livingood, and the company submits employee payroll payments to banks located in Michigan and within this judicial district.

11. The Court has original subject matter jurisdiction over the claims asserted in the complaint under Title VII of the Civil Rights Act of 1964 in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law.

12.     The Court has supplemental jurisdiction over the state law claims asserted in the complaint in accordance with Title 28 of the United States Code, Section 1367, because those claims are so related to the claims over which the Court has original jurisdiction that they form part of the same case and controversy.

13.     Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391.

## GENERAL ALLEGATIONS

14.     Plaintiff Terezie Harazin-Livingood worked for Defendants as a manager at the Hooters restaurant located in Portage, Indiana from January 2022 until October 12, 2022.

15.     Harazin-Livingood's sex and gender are female.

16.     Shortly into her tenure working for Defendants, Harazin-Livingood began to experience sexual harassment from a male dishwasher that involved sexual comments, touching, and grabbing Harazin-Livingood's butt.  The sexual harassment was offensive and unwelcomed by Harazin-Livingood.

17.     Harazin-Livingood repeatedly complained to Defendants general manager about the sexual harassment, and the general manager largely ignored her complaints and did nothing to stop the harassment.

18.     Harazin-Livingood then escalated her complaints to Defendants' human resources department who performed an investigation and eventually disciplined Defendants' general manager for failing to do anything to end the harassment.

19.     Angry about Harazin-Livingood's complaints, Defendants transferred Harazin-Livingood to work at another Hooter's restaurant (in Merrillville, Indiana) that was significantly farther away from Harazin-Livingood's home.  Defendants' transfer of Harazin-Livingood to the Merrillville restaurant was involuntary.

20. Shortly after her transfer to work at the Merrillville restaurant, Defendants terminated Harazin-Livingood's employment for reasons that were objectively false (and which Defendants knew were false) and which were an obvious pretext meant to cover up the retaliatory reason for Harazin-Livingood's firing.

21. Harazin-Livingood filed a charge of discrimination with the United States Equal Employment Opportunity Commission and has otherwise satisfied all administrative prerequisites to filing her causes of action.

## COUNT 1

### RETALIATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

22. Harazin-Livingood repeats and incorporates all the previous allegations in her complaint.

23. Harazin-Livingood engaged in activity protected by Title VII of the Civil Rights Act of 1964 when she complained to Defendants and opposed the discrimination and sexual harassment that she encountered in the workplace.

24. Defendants knew about Harazin-Livingood's protected activity.

25. Defendants took adverse employment actions against Harazin-Livingood when they subjected her to different (and worse) terms and conditions of employment, transferred her, and when they terminated her employment.

26. Defendants would not have taken these adverse actions against Harazin-Livingood but for her protected activity.

27. Harazin-Livingood suffered damages because of Defendants' retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 2

### RETALIATION IN VIOLATION OF MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT

28. Harazin-Livingood repeats and incorporates all the previous allegations in her complaint.

29. Harazin-Livingood engaged in activity protected by the Elliott-Larsen Civil Rights Act when she complained to Defendants and opposed the discrimination and retaliation that she encountered in the workplace.

30. Defendants knew about Harazin-Livingood's protected activity.

31. Defendants took adverse employment actions against Harazin-Livingood when they subjected her to different (and worse) terms and conditions of employment, transferred her, and when they terminated her employment

32. There was a causal connection between Harazin-Livingood's protected activities and the adverse employment actions Defendants took against her.

33. Harazin-Livingood suffered damages because of Defendants' retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## JURY DEMAND

34. Harazin-Livingood demands a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

## RELIEF REQUESTED

35. Plaintiff Terezie Harazin-Livingood requests that the Court enter a judgment in her favor and against Defendants Hooters of America LLC and DW Restaurant Holder LLC in an amount that will fully and fairly compensate her for all of her damages, losses, expenses, back wages, emotional distress, attorney's fees, litigation costs, and interest.

36. Harazin-Livingood also requests that the court grant her any additional relief, both legal and equitable, as the Court determines to be appropriate and just under the circumstances.

TEREZIE HARAZIN-LIVINGOOD

Dated: September 12, 2023

By:    /s/  Mark S. Wilkinson

Mark S. Wilkinson (P68765)
*Attorney for Plaintiff*
PALADIN EMPLOYMENT LAW PLLC
5955 West Main Street
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com